**8** TRANSGLOBAL MARKETING CORP., Appellant, v DERFNER & MAHLER, L. L. P., Respondent. [667 NYS2d 751] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 10, 1996, which, in an action seeking restitution of a legal fee paid by plaintiff to defendant, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

The complaint was properly dismissed for failure to allege facts showing that defendant was not a holder in due course of the two checks that had been given to it by plaintiff, a corporation, as payment for services rendered (*cf.*, *First Intl. Bank v*

*Blankstein & Son*, 59 NY2d 436, 444). The checks in question were drawn on an account in plaintiff's name by plaintiff's Chief Executive Officer, who retained defendant to commence an action in plaintiff's name as well as her own, individually and as a shareholder/officer/director of plaintiff, against another shareholder/officer/director of plaintiff, who now brings this action in plaintiff's name. Neither the facts just recited, nor the additional facts alleged in the complaint and in plaintiff's opposition papers, are sufficient to show that defendant had actual knowledge of plaintiff's defense to the checks (*see, Hartford Acc. & Indem. Co. v American Express Co.*, 74 NY2d 153, 162-163), namely, that its Chief Executive Officer lacked authority to use its funds for purposes of prosecuting what was in effect a shareholder's derivative action (*see,* Business Corporation Law § 720 [b]; *Chemical Bank v Haskell,* 51 NY2d 85, 90-91), and that the funds so used had been secretly diverted from plaintiff's regular account in order for the Chief Executive Officer to do so. We have considered plaintiff's other arguments, including that it should have been granted leave to replead, and find them to be without merit. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.